IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH NOEL HADER,

      Petitioner,                      No. CIV S-07-1970 JAM EFB P

    vs.

A. HEDGPETH, et al.,

      Respondents.               FINDINGS AND RECOMMENDATIONS

                           /

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondents move to dismiss the petition on the grounds that petitioner failed to exhaust the available state remedies, and that the petition is untimely. For the reasons explained below, the motion must be granted.

**I. Procedural History**

       Petitioner was convicted of murder and robbery and sentenced to life without the possibility of parole on March 12, 2004. Resps.' Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Docs."), Lodg. Doc. 1. He appealed, and the judgment was affirmed. Lodg. Doc. 2. Petitioner sought review in the California Supreme Court, presenting the following issues:

////

////

(1) whether the jury instruction[1] permitting consideration of flight evidence may be given over a defense objection; (2) whether the jury misunderstood the instructions[2] concerning the joint operation of *actus reus* and culpable mental state as referring to only one of the two counts; (3) whether, given that the jury instructions must be viewed as a whole, it can ever be demonstrated that error in a particular instruction is prejudicial and not harmless; (4) whether admission of photographs showing defendant's allegedly irrelevant and unduly prejudicial tattoos violated due process; (5) whether a claim of cruel and unusual punishment under the Eighth Amendment to the United States Constitution is forfeited when it is not presented at the time of sentencing; and (6) whether a claim of cruel and unusual punishment may be rejected based on viewing the evidence in the light most favorable to the prosecution rather than viewing the evidence as a whole. Lodg. Doc. 3. The California Supreme Court denied review on October 19, 2005. Lodg. Docs. 3, 4.

Thereafter, petitioner sought post-conviction review in the state courts. On April 26, 2006, he filed[3] a petition for a writ of habeas corpus in the trial court. Lodg. Doc. 5. As a basis for relief, he asserted that the evidence was insufficient to support the jury's findings of guilt on the murder charge and that the robbery was committed during the murder. *Id.* Having reviewed the merits of petitioner's claims, the court denied relief on May 30, 2006. Lodg. Doc. 6. On July 30, 2007, petitioner filed a second petition for post conviction relief in the trial court. Lodg. Doc. 7. In it, petitioner claimed that trial counsel was ineffective for failing to object to photographs of his tattoos. *Id.* The court found that the petition was an abuse of the writ

---

[1] CALJIC No. 2.52.

[2] CALJIC Nos. 3.30, et seq.

[3] With the exception of the first petition in the trial court, which petitioner failed to date, the court deems each state and federal petition filed as of the date reflected on the certificate of service. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

because petitioner merely recast the claim from his first petition as a challenge to counsel's ineffectiveness, but in any event petitioner failed to demonstrate he was entitled to relief. Lodg. Doc. 8. Thus, the court denied the petition on August 30, 2007. *Id.* On March 9, 2006, petitioner filed a request in the trial court seeking an order appointing counsel to assist him in obtaining DNA testing pursuant to state law. *See* Cal. Penal Code § 1405(b)(1).

Petitioner filed his initial petition in this action on September 14, 2007. The only basis alleged for it is that trial counsel was ineffective for having failed to object to prejudicial evidence about petitioner's membership in a gang.

**II. Exhaustion of Available State Remedies**

The basic standards for exhaustion are well-settled. A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988) (no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275. For a California prisoner to exhaust, he must present his claims to the California

3

Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review).

Here, the only filing in the California Supreme Court was the petition for review of the appellate court's decision on direct review. As discussed above, none of the issues in either of the petitioner's habeas applications were presented to the California Supreme Court. Petitioner asserts that the trial court's denial of relief on the second petition as second or successive and on the merits demonstrates that further state court filings would have been "wasteful and pointless." Petr.'s Opp'n, at 4. In essence, petitioner argues that it would have been futile to present his claims about the insufficiency of the evidence and counsel's ineffectiveness to the highest court in California. However, futility is not an excuse for failure to exhaust. *See Engle v. Isaac*, 456 U.S. 107, 130 (1982); *see also Noltie v. Peterson*, 9 F.3d 802, 805-806 (9th Cir. 1993). Therefore, the court finds that petitioner failed to exhaust the available state remedies, and respondents' motion must be granted on this ground.

**III. Statute of Limitations**

Respondents also contend that this action must be dismissed on the ground that the federal application is untimely. As discussed below, the petition was filed on September 19, 2007, and absent tolling, the one year limitations period for filing this federal petition expired on January 17, 2007. 28 U.S.C. § 2244(d)(1)(A).

Congress has imposed a one-year limitation period for seeking federal habeas relief, which begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The judgment on direct review becomes final when

4

the 90-day limit for filing a petition for certiorari expires. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The period "is not tolled from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, the period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). In California, a properly filed post conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Saffold*, 536 U.S. at 223. Petitioner has the burden of showing facts entitling him to tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (statutory tolling).

Under Ninth Circuit precedent, equitable tolling is available to habeas petitioners who file their federal petition beyond the one-year limitations period. *Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). The United States Supreme Court has yet to weigh in on this question, but has found that assuming such toling is available, the petitioner has the burden of demonstrating that he diligently has been pursuing his rights and that some extraordinary circumstance stood in his way. *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005); *see also Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (petitioner has burden of demonstrating facts that entitle him to equitable tolling). In this circuit, a district court may grant equitable tolling when external, extraordinary circumstances, rather than petitioner's lack of diligence, actually cause the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

**A. Scope of 28 U.S.C. § 2244(d)(2)**

Petitioner's conviction was final on January 17, 2006. He therefore had until January 17, 2007, to file his initial petition. Absent tolling, the September 19, 2007, petition was filed 245 days, i.e., just over eight months, late. The parties dispute whether petitioner's March 9, 2006, motion for counsel and for DNA testing tolled the limitations period. Respondents argue that it

5

did not because it was not "an application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). Petitioner argues that his motion satisfied this requirement and therefore tolls the limitations period.

The parties' arguments frame a very narrow question, i.e., whether petitioner's motion for DNA testing and for counsel to assist in that process is an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . ." under 28 U.S.C. § 2244(d)(2). The Ninth Circuit has not decided the issue as to the California statute. However, it has with respect to an Alaska statute authorizing post-conviction access to DNA evidence. The court, distinguishing between a post-conviction request for access to evidence from a claim for habeas relief, expressly stated that simply obtaining post-conviction access to evidence is not habeas relief. *Osborne v. District Attorney's Office for the Third Judicial District*, 521 F.3d 1118, 1131-32 (9th Cir. 2008). Thus, this court must determine whether the nature of petitioner's March 9, 2006, filing under California law was simply a request for access to evidence, or was itself a collateral attack on the judgment. *See Carey v. Saffold*, 536214, 223 (2002) (where a federal statute interacts with state procedural rules, federal courts look to how the state procedure functions). The applicable California statue provides:

> (a) A person who was convicted of a felony and is currently serving a term of imprisonment may make a written motion before the trial court that entered the judgment of conviction in his or her case, performance of forensic deoxyribonucleic acid (DNA) testing.
>
> (B)(1) An indigent convicted person may request appointment of counsel to prepare a motion under this section by sending a written request to the court. The request shall include the person's statement that he or she was not the perpetrator of the crime and that DNA testing is relevant to his or her assertion of innocence. The request shall include the person's statement as to whether he or she previously has had counsel appointed under this section.

Cal. Pen. Code § 1405(a), (b)(1) (West Supp. 2009). Although a motion under this statute is obviously a "post-conviction motion," *see Richardson v. Superior Court*, 77 Cal.Rptr.3d 226, 228 (Cal. 2008), the relevant question is whether it and the accompanying request for counsel constitute an application for habeas relief. The California Supreme Court has spoken directly to

6

that issue and held that it does not.  The court explained that the purpose of section 1405 is "to provide defendants with a narrowly circumscribed opportunity to develop new evidence in preparation for a new trial motion based on newly discovered evidence." *Richardson,* 77 Cal.Rptr.3d at 231.  The court also clarified that although the statute includes some language which commonly utilized in post-conviction collateral proceedings, that language should not be understood as creating a post-conviction habeas remedy.  Thus, on a § 1405 motion, the trial court should *not* consider whether, assuming the DNA evidence proves exculpatory, the movant would be entitled to a new trial or a new sentencing proceeding.  *Id.* at 234.  Rather,

> it is important for the trial court to bear in mind that the question before it is whether the defendant is entitled to develop potentially exculpatory evidence *and not whether he or she is entitled to some form of ultimate relief such as the granting of a petition for habeas corpus based on that evidence.*

*Id.* (emphasis added).  Quoting the Ninth Circuit's discussion in *Osborne*, the California Supreme Court emphasized that  "[o]btaining post-conviction access to evidence is not habeas relief."  *Id.* quoting *Osborne*, 521 F.3d at 1132.

It is rather clear that a section 1405 motion is no more than a means of seeking evidence.  While the motion must contain some argument relating to the legality of the conviction, that requirement is to demonstrate that the expenditure of state resources for the testing is justified by some prospect that a later challenge to a criminal conviction may prevail.  But California has a distinct remedy for collaterally attacking a judgment in a criminal case and section 1405 is not that remedy.

Here, petitioner's motion under section 1405 sought DNA evidence, and requested counsel to assist in obtaining that evidence.  It did not include what could fairly be construed as a petition for a writ of habeas corpus.  His motion argued innocence and that DNA evidence would prove this innocence, as was required by the statute.  But it does not, by itself, challenge his conviction or detention.  Rather, it sought leave to gather evidence with which could later be used to challenge the legality of his detention.  The motion under section 1405, therefore, does

7

not toll the limitations period pursuant to 28 U.S.C. § 1144(d)(2).

**B. Interval Tolling for Habeas Petitions**

The court must also determine whether petitioner is entitled to interval tolling for the habeas petitions he filed in the state courts. Petitioner's initial application for habeas relief in the trial court was pending before that court for 34 days, from April 26, 2006, until May 30, 2006. Assuming tolling for this time and extending the deadline by 34 days, petitioner had until February 20, 2007, to file his federal application. This action is still 207 days late. Regardless of whether the second petition in the state court was "properly filed" or "pending" as the federal courts have defined those terms, it cannot provide a basis for tolling because it was filed on July 30, 2007, long after the federal limitations period expired. *Fergusun v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d) does not permit re-initiation of the limitation period when it expires before a timely state petition for post-conviction relief was filed). Because the federal petition is late, this action must be dismissed as untimely.

**IV. Conclusion**

For the reasons explained above, the court finds that petitioner failed to exhaust the available state remedies. Furthermore, the motion for DNA testing and for the appointment of counsel filed pursuant to section 1404 of the California Penal Code did not toll the limitations period under 28 U.S.C. § 2244(d)(2) and petitioner has not demonstrated that he is entitled to equitable tolling. Accordingly, petitioner filed his federal petition after the one-year limitations period expired. Therefore, respondents' June 4, 2008, motion to dismiss must be granted.

Accordingly, it is hereby RECOMMENDED that:

1. Respondents' June 4, 2008, motion to dismiss this action be granted as petitioner failed to exhaust the available state remedies and this action is untimely; and,

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after

being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE